# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF FRANKLIN.

### ARGUED AT JUNE TERM, 1844.

---

EPHRAIM WOODMAN *versus* COUNTY COMMISSIONERS OF SOM-
ERSET COUNTY.

If it be not irregular to grant an order of notice at a court holden in another
county, it is improper to call the County Commissioners out of their county,
to answer to a petition for a mandamus, complaining of their acts and do-
ings, as such, within their county.

A writ of mandamus is grantable at the discretion of the court, and not as
matter of right.

Where there has been an increase of damages to land, occasioned by the lo-
cation of a highway over it, by the verdict of a jury, and the prevailing
party has taxed his bill of costs, and laid it before the County Commission-
ers for allowance, and they have allowed a part of the items, and rejected
the rest, this Court will not grant a writ of mandamus to the commissioners
for the purpose of correcting their decision as to the taxation of such costs,
to the end that other items may be allowed.

A ROAD was laid out by the County Commissioners of the
County of Somerset, passing over land of Woodman and
French, the petitioners, in the town of Phillips, then in the
County of Somerset. The petitioners were dissatisfied with
their damages, and on their application a jury was ordered in
October, 1836, and their damages were increased. On March
20, 1838, the County of Franklin was established, and the
town of Phillips was included in that County. The petition

for a mandamus was presented at the October Term of this Court in Kennebec, 1843. The other facts appear in the opinion of the Court.

*J. Randall, jr.* for the petitioners, contended that they were clearly entitled to their legal costs, when the verdict of the jury was accepted and recorded, as matter of right, they being the prevailing party. It was the duty of the Commissioners, as a ministerial act, to enter up judgment for costs for the petitioners. St. 1821, c. 118, § 5; St. 1828, c. 399, § 6; St. 1831, c. 500, § 5.

He also contended that this was the appropriate remedy, where the County Commissioners refuse to perform their duty. *Morse, Pet'r.* 18 Pick. 446.

*Leavitt,* County Attorney of Somerset, for the respondents.

The opinion of the Court, TENNEY J. being an inhabitant of the County of Somerset, and having once been of counsel in the case, taking no part in the decision, was drawn up by

WHITMAN C. J. — This petition was addressed to the Court, sitting within and for the County of Kennebec; and an order was there obtained to notify the County Attorney, and chairman of the County Commissioners of Somerset, to appear at the term of this Court, then next to be holden in and for the County of Franklin, to show cause, &c. This order must have been inadvertently issued. The petition should have been addressed to this Court, at a term holden in Somerset; and I am of opinion that the order of notice should have issued from thence. There is no provision of law, that would authorize an order of notice in such case to be passed at a Court sitting elsewhere than in the county, where the subject matter of the petition was to be considered and acted upon. In many cases, it is true, that special provision has been made by statute, that orders of notice may be passed in any county; but there is no such provision in reference to a petition for a mandamus, and these special provisions seem to indicate very clearly, that, in the absence of any such provision, the power does not exist.

But, however that may be, to call the County Commissioners out of their county, to answer to a petition complaining of their acts and doings, as such, within their county, is, to say the least of it, irregular and vexatious; and should not be tolerated. A writ of mandamus is grantable at the discretion of the Court; and surely no Court would, in the exercise of a sound discretion, issue a mandate for them to appear to answer to such an application, out of their county, but from imperious necessity, of which this case does not afford the slightest indication.

It may be remarked also, that this petition does not appear to have been verified by oath or affirmation, which is also an irregularity.

For these reasons this petition, and all the proceedings under it must be quashed.

But if the proceedings were all regular, so that we could be called upon for a decision, in reference to the propriety of issuing a writ of mandamus, we are very far from coming to a conclusion, that, under the circumstances set forth in the petition, one should be granted. The petitioners were, without doubt, entitled to costs; but costs were allowed them. The object of the petition is to obtain a further allowance of costs, consisting of items for the travel and attendance of the petitioners, at six terms before the County Commissioners, and on one occasion, before the jury, and for counsel fees. The statute in the particular case is silent as to what shall constitute the items of cost to be allowed. These must necessarily be subject to the examination and discretion of the tribunal by which they are to be allowed. The Commissioners appear to have allowed the petitioners all their actual expenditures for court, sheriff and jury fees, amounting to sixty-eight dollars and sixty-eight cents. Whether it was intended that the party's travel, attendance and counsel fees should be allowed, does not explicitly appear. It was therefore a question of judicial construction, to be referred necessarily to the Court for their decision. To authorize the issuing of a writ of mandamus for the correction of every error, which a court of limited juris-

diction might commit, in allowing or refuting items in the taxation of costs, would be a perversion of the process.

The Supreme Court, in the State of New York, in *The People* v. *The Judges of Dutchess Com. Pleas*, 20 Wend. 658, held, that a mandamus would not lie to a subordinate court for the correction of judicial errors, and that all they could do in the exercise of their supervisory power, was to require inferior tribunals to proceed to judgment, without dictating the judgment to be rendered. And again ; in *The People* v. *Collins*, 19 Wend. 56, they say, the appropriate office of this court is to set subordinate tribunals in motion.

In *Chase & al.* v. *The Blackstone Canal Company*, 10 Pick. 244, in a case in which the County Commissioners had wholly refused to allow costs, the court say, " without expressing any opinion whether the petitioners were entitled to costs, as a matter of right, or whether the commissioners had a discretionary authority to grant costs, or under the circumstances of the case, ought to have granted them, we are clearly of opinion that the writ of mandamus ought not to issue. This writ lies, either to compel the performance of ministerial duties, or is addressed to subordinate tribunals, requiring them to exercise their functions, and to render some judgment in a case before them."

Mr. C. J. Shaw has, however, in *Morse, pet'r.* &c. 18 Pick. 443, thought it proper to introduce an explanation of some of the language used in the case last cited, lest it should be deemed to decide, that, in reference to an act merely ministerial, required to be performed by a subordinate tribunal, no mandamus should issue ; and instances, among other acts merely ministerial, the requirement by statute, that costs should be allowed, and in which the Court had wholly refused to allow any ; which is not this case. The County Commissioners here had yielded to the requirement of the statute ; and had allowed costs to a considerable amount ; but had not thought proper to allow all that was claimed.

*Petition and proceedings in reference to it quashed.*